UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENRY EDWARD AUTREY, )<br>)<br>Defendant. ) | No. 4:19-cv-03143-SNLJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Willie Cox, a/k/a Abbue-Jah, for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). For the reasons discussed below, the motion will be denied, and this case will be dismissed.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the

complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984); and *Cooper v. Wood*, 111 F.3d 135 (8th Cir. 1997) (unpublished). *See also In re McDonald*, 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

## Background

The instant case is one of many interrelated civil rights actions that plaintiff has filed pro se and in forma pauperis in the United States District Court for the Eastern District of Missouri since September 17, 2019.[1] As of the date of this order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth in the statute.

In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process. Plaintiff was cautioned that restrictions may be imposed on him if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2]

---

[1] *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman*, 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019), and *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019).

[2] *See Cox v. Fleissig*, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019), *Cox v. Autrey*, 4:19-cv-3143-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Autrey*, 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019), *Cox v. Ross*, 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Ross*, 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019), *Cox v. Ross*, 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019), and *Cox v. Ross*, 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019).

## The Complaint

Plaintiff is a pro se litigant who brings this civil action against Judge Henry Edward Autrey. The complaint is on a Court-provided form, and includes a 57-page attachment consisting of various documents.

The "Statement of Claim" section in the form complaint contains only the notation: "See attached with highlighted violations." (Docket No. 1 at 5). Within the attachment, there is a copy of a court order dismissing plaintiff's case, signed by Judge Autrey. (Docket No. 1-1 at 40-46). Plaintiff has annotated the order by circling or underlining words and passages, and by adding margin notes. The marginalia variously accuse the Court of constitutional violations and fraud.

The balance of the attachment includes legal definitions, case citations, and legal arguments. The upshot of these documents is plaintiff's apparent belief that he has a right to drive his vehicle without being subject to state or local regulations, and that any traffic citation he receives is a constitutional violation.

Plaintiff seeks $1.6 million in general damages, $1.6 million in actual damages, and $1.6 million in punitive damages.

## Discussion

Plaintiff has filed this civil action against Judge Henry Edward Autrey accusing him of violating his constitutional rights by dismissing his complaint. The Court finds that plaintiff's in forma pauperis application should be denied and this action dismissed because the complaint is frivolous and malicious.

The complaint is frivolous because judges generally cannot be sued for monetary relief based on purported judicial misconduct, even if the judge is alleged to have acted maliciously or corruptly. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); and *Imbler v. Pachtman*, 424 U.S.

409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). Nothing in the instant complaint indicates that Judge Autrey acted in the absence of jurisdiction or outside his judicial capacity.

The complaint is malicious because it is clear from the circumstances surrounding the filing, as well as the nature of the allegations, that plaintiff filed the complaint to harass and disparage Judge Autrey for ruling against him. *See Spencer*, 656 F. Supp. at 461-63. Moreover, the complaint is part of a pattern of abusive and repetitious lawsuits filed by plaintiff. *See Horsey*, 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this __5th__ day of __December__, 2019.

                                                    STEPHEN N. LIMBAUGH, JR.
                                                  UNITED STATES DISTRICT JUDGE